UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE DEARWESTER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT et al.,<br><br>Defendants. | No. 2:13-cv-2066 MCE DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss brought on behalf of defendants Chaplain Toliver and Deputy Gil. Plaintiff has filed an opposition to the motion, and defendants have filed a reply.

**BACKGROUND**

Plaintiff is proceeding on his original complaint against defendants Chaplain Toliver and Deputy Gil. Therein plaintiff alleges that he received the kosher diet provided at the Sacramento County Main Jail for more than a year as approved by Chaplain Clements. However, after plaintiff was involved in an altercation with other inmates, defendant Gil wrote an inaccurate incident report and carbon copied the Chaplain Toliver which resulted in plaintiff's disqualification from the kosher diet program. According to plaintiff, he tried to tell defendant

1

1  Chaplain Toliver the truth with respect to defendant Gil's report, but the defendant chaplain
2  refused to listen.  In terms of relief, plaintiff requests the award of monetary damages.  (Compl. at
3  3 & Attachs.)
4      At screening, the court found that plaintiff's complaint appeared to state a cognizable
5  claim for relief against defendants Deputy Gil and Chaplain Toliver under the Religious Land
6  Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment based upon their
7  alleged involvement in denying plaintiff his kosher diet.  (Doc. No. 12)

8  **ANALYSIS**

9  I. Motion Pursuant to Rule 12(b)(6)
10      A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure
11  tests the sufficiency of the complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578,
12  581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based on the lack
13  of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
14  theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  See also
15  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  In order to survive
16  dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of
17  the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to
18  relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).
19      In determining whether a pleading states a claim, the court accepts as true all material
20  allegations in the complaint and construes those allegations, as well as the reasonable inferences
21  that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v. King &
22  Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740
23  (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a motion to
24  dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S.
25  411, 421 (1969).  However, the court need not accept as true conclusory allegations, unreasonable
26  inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643 F.2d 618, 624
27  (9th Cir. 1981).
28  /////

In general, courts hold pro se pleadings to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that a party failed to plead. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

II. Discussion

In moving to dismiss the complaint, defense counsel argues that: (1) plaintiff fails to state a claim against defendants in their individual capacities under RLUIPA because monetary damages are not available against defendants in their individual capacities; (2) insofar as plaintiff seeks injunctive relief under RLUIPA his request is now moot because plaintiff is no longer incarcerated at the Sacramento County Main Jail; and (3) and (4) plaintiff fails to state a claim under RLUIPA and the First Amendment because plaintiff is not sincere in any belief that would justify his needing a kosher diet as part of his religious exercise. In this regard, defense counsel contends that plaintiff has admitted he is not Jewish and that he used the Kosher diet to sell food to other inmates. (Defs.' Mot. to Dismiss at 1-8.)

For the reasons set forth below, the undersigned will recommend that defendants' motion to dismiss plaintiff's RLUIPA claims be granted but that the motion to dismiss be denied with respect to plaintiff's First Amendment Free Exercise claims.

A. Plaintiff's RLUIPA Claims

The undersigned agrees that plaintiff's complaint fails to state a cognizable claim for damages against defendants in their individual capacities under RLUIPA. Monetary damages are not available against these defendants in their individual capacities. The Ninth Circuit recently held that "RLUIPA does not authorize suits for damages against state officials in their individual capacities because individual state officials are not recipients of federal finding and nothing in the statute suggests any congressional intent to hold them individually liable." Jones v. Williams, ___ F.3d ___, ___, 2015 WL 3916942 at *3 (9th Cir. 2015). RLUIPA only authorizes suits against a person in his or her official or governmental capacity. See Wood v. Yordy, 753 F.3d

3

1  899, 904 (9th Cir. 2014); see also Walker v. Beard, __ F.3d __, ___, 2015 WL 3773072 at *10 n.4
2  (9th Cir. June 18, 2015) (defendants have Eleventh Amendment immunity from official capacity
3  damages claims under RLUIPA); Holley v. Cal. Dep't of Corrs., 599 F.3d 1108, 1114 (9th Cir.
4  2014) (same).
5        The undersigned also agrees that insofar as plaintiff requests any injunctive relief against
6  defendants under RLUIPA, his request has been rendered moot. When plaintiff filed his original
7  complaint in this action, he was incarcerated at North Kern State Prison. On November 12, 2013,
8  plaintiff filed a notice of change of address informing the court that he had been transferred to
9  California State Prison, Los Angeles County. More recently, on August 22, 2014, plaintiff filed
10  another notice of change of address informing the court that he had been transferred to California
11  State Prison, Corcoran, where he remains incarcerated today. Thus, it is apparent that plaintiff is
12  no longer subject to the alleged unlawful conditions he complains of at the Sacramento County
13  Main Jail. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Jones, 2015 WL 3916942 at *4
14  (9th Cir. June 26, 2015) (inmate's RLUIPA claims for injunctive relief was moot because "[o]nce
15  an inmate is removed from the environment in which he is subjected to the challenged policy or
16  practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial
17  decision on the merits of his claim.") (quoting Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir.
18  2012)). Nor does plaintiff's claim fall within the "capable of repetition, yet evading review"
19  exception to the mootness doctrine. See Williams v. Alioto, 549 F.2d 136, 143 (9th Cir. 1977)
20  ("A mere speculative possibility of repetition is not is not sufficient. There must be a cognizable
21  danger, a reasonable expectation, of recurrence for the repetition branch of the mootness
22  exception to be satisfied.").
23        For all of the foregoing reasons, the undersigned will recommend that defendants' motion
24  to dismiss plaintiff's RLUIPA claims be granted. In addition, where, as here, it is clear that
25  plaintiff's claims suffer from pleading deficiencies that cannot be cured by further amendment,
26  dismissal without leave to amend is appropriate. See Chaset v. Fleer/Skybox Int'l, 300 F.3d
27  1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further
28  amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by

1  amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any
2  amendment would be futile, there was no need to prolong the litigation by permitting further
3  amendment.").

4        B.  <u>Plaintiff's First Amendment Claims</u>

5        Turning now to plaintiff's First Amendment claims, the undersigned finds unpersuasive
6  defense counsel's argument that plaintiff fails to state a cognizable claim under the First
7  Amendment Free Exercise Clause based upon defendants' contention that plaintiff was not
8  sincere in his belief that he needed a kosher diet as part of his religious exercise. It is well
9  established that prison officials may deny a special diet to an inmate if he is not sincere in his
10 religious belief. See McElyea v. Babbitt, 853 F.2d 196, 198 (9th Cir. 1987). In this case,
11 however, liberally construing plaintiff's complaint as required, the undersigned finds that
12 defendants' refusal to provide plaintiff with a kosher diet implicates his rights under the First
13 Amendment Free Exercise Clause. See Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008).

14       In Shakur, a state prisoner of the Muslim faith requested a kosher diet because he believed
15 kosher meat would be consistent with Islamic Halal requirements and not disrupt his health
16 problems. Id. at 882. Defendants denied his request on the grounds that a kosher diet was not a
17 requirement of his religion, and the department allowed Muslim inmates to request a vegetarian
18 diet to avoid eating non-Halal meat. Id. The Ninth Circuit held that, given the sincerity of
19 Shakur's belief that he was required to consume kosher meat to maintain his spirituality, the
20 prison's refusal to provide him with a kosher meat diet implicated the Free Exercise Clause. Id.
21 at 885. The Ninth Circuit explained that a sincerity test and not a centrality test applies and
22 concluded that the district court had improperly focused on whether consuming Halal meat was a
23 central tenet of Islam rather than on whether Shakur sincerely believed eating kosher meat was
24 consistent with his faith. Id.

25       Here, the court finds that plaintiff has adequately alleged in his complaint that he sincerely
26 believed that eating a kosher diet is consistent with and required by his faith. See Shakur, 514
27 F.3d at 885 ("Given his sincere belief that he is personally required to consume kosher meat to
28 maintain his spirituality, we are satisfied, as a threshold matter, that the prison's refusal to provide

1  a kosher meat diet implicates the Free Exercise Clause."); <u>Malik v. Brown</u>, 16 F.3d 330 (9th Cir.
2  1994) (to merit First Amendment protection a claimant's belief must be "sincerely held" and be
3  "rooted in religious belief."); <u>see also</u> <u>Sims v. Wegman</u>, No. 1:11-cv-00931 DLB PC, 2012 WL
4  2203017 at *2-3 (E.D. Cal. June 14, 2012) (prisoner-plaintiff who was a member of the Nation of
5  Islam stated a First Amendment claim against defendant for denying him a kosher diet based
6  upon the fact that plaintiff was not practicing the Jewish faith); <u>Robinson v. Delgado</u>, No. C 02-
7  1538 CW, 2008 WL 3286985 at *4 (N.D. Cal. Aug. 6, 2008) (allegations that prison officials
8  refused to provide a healthy diet conforming to sincere religious beliefs states a cognizable claim
9  for denial of the right to exercise religious practices and beliefs).

10           As an initial matter, plaintiff has long maintained that he is Christian and not Jewish but
11  that eating a kosher is required based on Romans 14.  (Compl. at 3 & Attachs.)  In this regard, the
12  fact that defendant Toliver and a Rabbi Weschler-Azen determined "there is no possible way
13  [plaintiff] can be considered Jewish" is not relevant to this court's inquiry as to whether plaintiff
14  sincerely believed a kosher diet was necessary to maintain his spirituality and practice his
15  religion.  In fact, according to the complaint, Chaplain Clements was aware plaintiff was a
16  Christian and approved him for a kosher diet for more than a year before defendants denied him
17  the diet.  (<u>Id.</u>)  In any event, courts have not required inmates to be a member of the Jewish faith
18  before hearing their First Amendment claims based on denial of a kosher diet.  See <u>McElyea</u>, 833
19  F.2d at 198 ("Inmates also have the right to be provided with food sufficient to sustain them in
20  good health that satisfies the dietary laws of their religion."); <u>see also</u> <u>Shakur</u>, 514 F.3d at 881
21  (Muslim inmate requesting kosher diet); <u>Sims</u>, 2012 WL 2203017 at *1 (same); <u>Williams v.</u>
22  <u>Book</u>, No. CIV S-10-0423 GEB GGH P, 2011 WL 2173743 at *5 (E.D. Cal. June 2, 2011)
23  (same); <u>Robinson</u>, 2008 WL 3286985 at *1 (House of Yahweh Yadhaim inmate requesting
24  kosher diet).

25           Although there might be some evidence supporting defense counsel's argument that
26  plaintiff was using his kosher meals to sell food to other inmates, at this early stage of the
27  proceedings the court must take as true the material allegations of plaintiff's complaint and
28  construe those allegations and the reasonable inferences that can be drawn from them in the light

most favorable to the plaintiff.  So, for example, although plaintiff admits that he considered running a store from his cell, he also maintains in his complaint that he was going to trade kosher diet food for kosher commissary food.  (Compl. Attachs.)  In any event, plaintiff alleges that he never actually executed this idea.  (Id.)  Likewise, although prison officials confiscated "Regular Diet"/Normal Chow trays from plaintiff's cell, plaintiff alleges in his complaint that he obtained those three empty trays long ago, washed and dried them, and used them as a chair to see the television through his food-port window.  (Id.)

Finally, towards the end of defendants' motion, defense counsel summarily concludes that "as indicated by the responses and incident report attached by Plaintiff to his Complaint, the discontinuance of [plaintiff's] kosher meal was related to legitimate penological interests and was the least restrictive option."  (Defs.' Mem. of P. & A. at 12.)  Defense counsel, however, fails to address the four factors set forth in Turner v. Safley, 482 U.S. 78 (1987), the balancing of which determine whether defendants' conduct passes constitutional muster:

> (1) Whether there is a "'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it";
>
> (2) Whether there are "alternative means of exercising the right that remain open to the prison inmates";
>
> (3) Whether "accommodation of the asserted constitutional right" will "impact . . . guards and other inmates, and on the allocation of prison resources generally"; and
>
> (4) Whether there is an "absence of ready alternatives versus the existence of obvious, easy alternatives."

Shakur, 514 F.3d at 884 (quoting Turner, 482 U.S. at 89-90).

In any event, contrary to counsel's contention, the attachments to plaintiff's complaint do not fully demonstrate that defendants' denial of plaintiff's kosher diet was related to legitimate penological interests and was the least restrictive option available to them.  For example, insofar as jail officials denied plaintiff a kosher diet because he is not of Jewish faith, it is not at all clear from plaintiff's complaint what penological interest is served by denying non-Jewish inmates the kosher diet.  In fact, for more than a year prior to defendants' denial of plaintiff's kosher diet, the jail had approved plaintiff to receive kosher meals as a Christian inmate.  (Compl. at 3.)

7

1    Likewise, insofar as jail officials denied plaintiff a kosher diet because of his altercation with
2    other inmates, which was supposedly related to his attempt to gain regular diet food trays in
3    addition to his kosher diet food tray, county jail officials had addressed possible future
4    altercations with these inmates by re-housing them and ensuring that they were no longer
5    assigned as workers in plaintiff's pod shortly after the incident in question.  (Compl. Attach. at 19
6    (Reply to Inmate Grievance/Suggestion.))

7         In sum, the court cannot find at this at this time that plaintiff's religious beliefs were
8    insincere or that the documents attached to plaintiff's complaint render his claim implausible.
9    See Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (on a motion to dismiss, "[t]he issue is
10   not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer
11   evidence to support the claims.  Indeed, it may appear on the face of the pleadings that a recovery
12   is very remote and unlikely but that is not the test."); see also Curry v. Cal. Dep't of Corrs., No.
13   C-09-3408 EMC (pr), 2013 WL 75769 at *7 (N.D. Cal. Jan. 4, 2013) ("Although Curry's
14   purchases of many foods inconsistent with the Kemetic diet would likely make a strong impact on
15   a jury, it cannot be said as a matter of law this his canteen activities show that his religious beliefs
16   were insincere.").

17        For all of the foregoing reasons, the undersigned concludes that defendants' motion to
18   dismiss plaintiff's First Amendment Free Exercise claims should be denied.

19                              **OTHER MATTERS**

20        In his opposition to defendants' motion to dismiss, plaintiff appears to attempt to assert
21   his religious claims against additional county jail officials.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss
22   at 33-37.)  Plaintiff is advised that an opposition to a motion to dismiss is not an appropriate place
23   to raise and argue new claims or identify new defendants.  See Schneider v. Cal. Dep't of Corrs.,
24   151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The 'new' allegations contained in the inmates'
25   opposition motion, however, are irrelevant for Rule 12(b)(6) purposes.").  Accordingly, this case
26   will proceed solely on plaintiff's First Amendment claim for damages against defendants Deputy
27   Gil and Chaplain Toliver.
28   /////

**CONCLUSION**

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (Doc. No. 21) be granted in part and denied in part as follows:

   a. Defendants' motion to dismiss plaintiff's RLUIPA claims be granted;

   b. Defendants' motion to dismiss plaintiff's First Amendment claims be denied; and

2. Defendants be directed to file an answer to plaintiff's First Amendment claims for damages based on their denial of his kosher diet at the Sacramento County Main Jail within thirty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 22, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
dear2066.57

9