UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE DEARWESTER,<br><br>                Plaintiff,<br><br>        v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,<br><br>                Defendant. | No.  2:13-cv-2066 MCE DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action that was closed on November 23, 2016.  (ECF No. 57.)  Presently before the court is plaintiff's motion requesting relief from the filing fee.  (ECF No. 67.)  For the reasons set forth below, the court will deny the motion.

Plaintiff states that he was granted in forma pauperis status in this action.  (ECF No. 67 at 1.)  He alleges that he is currently working for the Prison Industry Authority (PIA) fabric engineering department at Mule Creek State Prison (MCSP) making reusable fabric face masks.  He further alleges that the masks are in high demand because of the COVID-19 pandemic.  Due to the high demand he is currently working "seven (7) days per week for up to ten (10) hours per day" and "earns $0.50 (fifty cents) per hour."  (Id. at 1-2.)

Plaintiff alleges that he is working more hours and "would like to purchase supplemental food and coffee to help fuel the extra work hours."  (Id. at 2.)  He further states that "fifty-five

1

percent (55%) of [his] wages are deducted for court-ordered restitution." Additionally, he owes "multiple partial filing fees from multiple courts." Therefore, he received no more than $10.00 per month. Plaintiff states he was unaware that "partial filing fees would stack up instead of be taken sequentially." Plaintiff requests the court only deduct one partial payment per month, rather than deduct an amount for each of the cases he has filed. (Id. at 3.)

The United States Supreme Court held in Bruce v. Samuels, 136 S. Ct. 627, 631 (2016), the in forma pauperis statute, 28 U.S.C. § 1915,[1] requires that multiple filing fees should be paid simultaneously rather than sequentially. Accordingly, the court cannot issue an order directing that plaintiff only be required to pay monthly filing fees for one case at a time.

Prisons are constitutionally required to provide inmates with "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). To the extent plaintiff claims that he is not receiving enough food, such an allegation could support a § 1983 claim. However, such a claim cannot be pursued in this action which has been closed for more than two years. If plaintiff feels that his rights are being violated, he may exhaust administrative remedies and file a separate civil suit.

For the foregoing reasons, plaintiff's motion for relief from the filing fee (ECF No. 67) is denied.

Dated: May 18, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/prisoner-civil rights/dear2064.fee

---

[1] Under 28 U.S.C. § 1915(b), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added). Accordingly, the court is required to assess an initial partial filing fee and collect subsequent payments on an incremental basis "until the filing fees are paid." 28 U.S.C. §19195(b)(1), (2).

2